# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

MANUEL RODRIGUEZ                                                                    PETITIONER


v.                                    NO. 5:09CV00119 SWW/HDY


LARRY NORRIS, Director of the                                          RESPONDENT
Arkansas Department of Correction


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

STATE COURT PROCEEDINGS.   On March 27, 2003, petitioner Manuel Rodriguez ("Rodriguez") pleaded guilty in Washington County, Arkansas, Circuit Court to a charge of criminal attempt to commit murder in the first degree.   That same day, he was sentenced to 180 months imprisonment, although the imposition of the sentence appears to have been suspended.[1]   His guilty plea precluded him from prosecuting a direct appeal, but he had the right to pursue post-conviction relief or other collateral review in the Arkansas state courts.   He failed, however, to pursue any type of post-conviction relief or other collateral review in the Arkansas state courts.

FEDERAL COURT PROCEEDINGS.   Rodriguez commenced the proceeding at bar on April 21, 2009, by filing a petition for writ of habeas corpus.   It is not clear whether he intended to file the petition in federal court pursuant to 28 U.S.C. 2254 or whether he instead intended to file it in state court pursuant to the state habeas corpus statute. The caption of the petition contains the state criminal docket number and indicates that the petition is directed to the attention of the Washington County, Arkansas, Circuit Court.   In addition, the body of the petition contains citations to Arkansas state statutes.

---

[1]

    Norris represents that Rodriguez received a "[ten] year prison term."  See Document 17 at 1.  The Judgment and Commitment Order reflects, however, that Rodriguez received a 180 month sentence and that the 180 months were suspended. See Document 17, Exhibit A at 1.  The state court docket sheet supports that proposition as it contains the following notation: "180 MO ADC, 180 MO SIS ON CONDITIONS." See Document 17, Exhibit B at 2.  It appears that subsequent events caused him to be incarcerated for a period of time in the Arkansas Department of Correction.

Setting aside for a moment the uncertainly as to whether Rodriguez intended to file his petition in federal court, he advanced two claims in his petition. He first alleged that his guilty plea was not knowingly and voluntarily entered because his attorney failed to provide constitutionally adequate representation. He additionally alleged that he is actually innocent of the charge to which he pleaded guilty.

A response to the petition was subsequently filed by respondent Larry Norris ("Norris"), the Director of the Arkansas Department of Correction. In the response, he advanced two reasons for dismissing the petition. He first maintained that it is barred by limitations as it was filed more than six years after the Judgment and Commitment Order was entered on the state court docket sheet. He also maintained that the claims contained in the petition are procedurally barred from federal court review because Rodriguez never obtained a ruling on them from the state courts of Arkansas.

At the behest of the undersigned, Rodriguez filed a reply. His reply was not a model of clarity. He appears to maintain that several of his constitutional rights were violated in connection with his guilty plea.

The undersigned has now reviewed the parties' submissions. In light of that review, the undersigned makes the following findings and recommendation.

PRELIMINARY MATTERS. Before addressing Norris' assertions, it is necessary to address three preliminary matters. First, Rodriguez is proceeding pro se. As a result, his submissions have been liberally construed.

-4-

Second, Rodriguez has been paroled from Norris' custody and now appears to be incarcerated in the State of Louisiana.  There does not appear to be any question as to whether Rodriguez satisfies the custodial requirement of 28 U.S.C. 2254; Norris has certainly not raised any such objection.

Last, there is the matter of whether Rodriguez intended to file the petition at bar in federal court pursuant to 28 U.S.C. 2254 or whether he instead intended to file it in state court pursuant to the state habeas corpus statute.  After some reflection, the undersigned is convinced that it matters not where he intended to file the petition as the result is the same: it must be dismissed.

IF RODRIGUEZ INTENDED TO FILE THE PETITION IN FEDERAL COURT PURSUANT TO 28 U.S.C. 2254.  Norris maintains that Rodriguez's petition is barred by limitations.  A state prisoner has one year during which he must commence a proceeding pursuant to 28 U.S.C. 2254.  If he fails to commence it within that year, it is forever barred.  28 U.S.C. 2244(d) identifies the events that trigger the commencement of the one year period, which in this instance was undoubtedly the "expiration of the time for seeking [direct review]."  See 28 U.S.C. 2244(d)(1)(A).  No other sub-paragraph of 28 U.S.C. 2244(d) is applicable.[2]

---

[2]

28 U.S.C. 2244(d) also provides for the tolling of the one year period for the time during which a "properly filed" petition for post-conviction relief or other collateral review is pending.  See 28 U.S.C. 2244(d)(2).  Because Rodriguez never sought any type of post-conviction relief or other collateral review, the one year period was never tolled.

The record reflects that the Judgment and Commitment Order was entered on the state court docket sheet on the day Rodriguez pleaded guilty and was sentenced, that being, March 27, 2003, see Document 17, Exhibit B at 2, and his conviction became final on that day.  Because he was precluded from prosecuting a direct appeal, or seeking additional review from the United States Supreme Court via a petition for a writ of certiorari, the one year period commenced on the following day, or March 28, 2003.  He therefore had up through March 27, 2004, to file a petition in federal court pursuant to 28 U.S.C. 2254.  He filed nothing until he filed the petition at bar on April 21, 2009.[3]  He clearly did not commence this proceeding within the one year period, and his petition should be dismissed unless he can show some justification for tolling the limitations period.  See Finch v. Miller, 491 F.3d 424 (8th Cir. 2007).

The undersigned has carefully examined Rodriguez's submissions for some justification for tolling the limitations period.  The undersigned can find nothing.  It appears that he simply waited too long to commence this proceeding.

Accordingly, the undersigned finds that Rodriguez's petition was not filed within the one year period prescribed by 28 U.S.C. 2244(d), and he has offered no justification for tolling the limitations period.  The undersigned recommends that his petition be dismissed for that reason.

---

[3]

Rodriguez's petition does not reflect the date on which he signed it.  His application to proceed in forma pauperis, which accompanied his petition, was notarized on March 30, 2009.  Even using that date as the date of the filing of this petition, it is untimely.

<u>PROCEDURAL BAR</u>.  Norris also maintains that the claims contained in the petition are procedurally barred from federal court review because Rodriguez never obtained a ruling on them from the state courts of Arkansas.  In <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977), the United States Supreme Court determined that a federal court should not consider the merits of a petitioner's habeas corpus claim if he procedurally defaulted in litigating the claim, that is, if he was aware of the claim but did not present it to the state courts in accordance with the state's procedural rules.  An exception to the foregoing rule permits the claim to be considered if he can show cause and prejudice for his procedural default.[4]

Rodriguez filed the petition at bar and advanced two claims, the first being a challenge to his attorney's representation, and the second being an assertion that he is actually innocent.  The undersigned has carefully examined the record and can find nothing to indicate that he presented either claim to the state courts of Arkansas.  Thus, he procedurally defaulted in litigating the claims.  The only question is whether he can show cause and prejudice, which would permit the claims to be considered.

---

[4]

With respect to cause, the United States Supreme Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause."  <u>See</u> <u>Smith v. Murray</u>, 477 U.S. 527, 533-34 (1986).  One can discern from other decisions, though, instances in which cause might be found; those instance include the following: where some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rules, <u>see</u> <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, <u>see</u> <u>Reed v. Ross</u>, 468 U.S. 1 (1984); or, if effective assistance of counsel was not afforded, <u>see</u> <u>Murray v. Carrier</u>, 477 U.S. at 488.  There is also one extraordinary circumstance where a federal court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  <u>See</u> <u>Id</u>. at 496.

The undersigned has carefully examined Rodriguez's submissions for some showing of cause.  The undersigned can find nothing.  He does, however, steadfastly maintain that he is actually innocent.  Although not true cause for a procedural default, a showing of actual innocence can serve as a "gateway" through which a petitioner can obtain federal court review of otherwise barred claims.  See Schlup v. Delo, 513 U.S. 298 (1995).  It requires the petitioner to present new evidence affirmatively demonstrating that he is innocent of the offense.  See Abdi v. Hatch, 450 F.3d 334 (8th Cir. 2006); Cassell v. Norris, 103 F.3d 61 (8th Cir. 1996), cert. denied 522 U.S. 857 (1997) (for actual innocence to lift procedural bar, petitioner must show it more likely than not that, in light of new evidence, no reasonable juror would have convicted him).

The undersigned finds that Rodriguez has not made the showing required by Schlup v. Delo.  Specifically, he has not come forward with "new evidence of factual innocence."  See Niederstadt v. Nixon, 505 F.3d 832, 840 (8th Cir. 2007) (Colloton, J., concurring).  For that reason, he cannot use the Schlup v. Delo "gateway" to obtain judicial review of the procedurally defaulted claims.

Accordingly, the undersigned finds that Rodriguez procedurally defaulted in litigating his claims.  He has failed to show cause for his procedural default, and his assertion of actual innocence is without merit.  Thus, the claims are procedurally barred from federal court review.  The undersigned recommends that the claims be dismissed for that reason.

In conclusion, if Rodriguez intended to file the petition at bar in federal court pursuant to 28 U.S.C. 2254, the undersigned recommends that it be dismissed. It is barred by limitations, and the claims contained in it are procedurally barred from federal court review.

IF RODRIGUEZ INTENDED TO FILE THE PETITION IN STATE COURT PURSUANT TO THE STATE HABEAS CORPUS STATUTE. The undersigned assumes, arguendo, that the following scenarios are possible: (A) the petition at bar could be stayed while Rodriguez pursued state habeas corpus relief, and he could re-start his federal court petition if his pursuit of state habeas corpus relief proved unsuccessful; (B) the petition at bar could be transferred to state court, and he could re-file a federal court petition if his pursuit of state habeas corpus relief proved unsuccessful; or alternatively, (C) the petition at bar could be dismissed without prejudice, and he could re-file a federal court petition if his pursuit of state habeas corpus relief proved unsuccessful. The problem with these scenarios, and with any other scenario for that matter, is limitations. It has now been more than six years since Rodriguez's conviction became final and more than five years since the one year period expired. Regardless of the scenario, the undersigned knows of no means by which he could avoid the application of limitations and the resulting dismissal of any subsequently filed petition pursuant to 28 U.S.C. 2254. Accordingly, if he intended to file the petition in state court pursuant to the state habeas corpus statute, the undersigned recommends that the petition be dismissed.

RECOMMENDATION.  It is not clear whether Rodriguez intended to file the petition at bar in federal court pursuant to 28 U.S.C. 2254 or whether he instead intended to file it in state court pursuant to the state habeas corpus statute.  The undersigned is convinced that it matters not where he intended to file the petition as the result is the same: it must be dismissed.  If he intended to file the petition at bar in federal court pursuant to 28 U.S.C. 2254, the undersigned recommends that it be dismissed.  It is barred by limitations, and the claims contained in it are procedurally barred from federal court review.  If he intended to file the petition at bar in state court pursuant to the state habeas corpus statute, the undersigned recommends that the petition be dismissed; the undersigned knows of no means by which he could avoid the application of limitations and the resulting dismissal of any subsequently filed petition pursuant to 28 U.S.C. 2254.  All requested relief should be denied, and judgment should be entered for Norris.

DATED this ____6___ day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE